UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION

| | |
|---|---|
| RENATTA LUBINSKI,<br><br>        Plaintiff,<br><br>    v.<br><br>CVS HEALTH WELFARE BENEFIT PLAN<br>and HEALTH CARE SERVICE CORP.,<br><br>        Defendants. | No. 20 CV 89<br><br>Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Renatta Lubinski suffered life-threatening medical conditions and required international transportation on an air ambulance. Her health insurance only covered a fraction of the cost. Lubinski argues that she's entitled to more benefits under her employee benefit plan and brings a claim under ERISA. The defendants, Lubinski's health plan and the plan administrator, move to dismiss the complaint. For the reasons stated below, the defendants' motion to dismiss is granted.

## I.    Legal Standard

A complaint must contain a short and plain statement that plausibly suggests the violation of a legal right. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–58 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). I accept the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Iqbal* at 678–79. I do not accept allegations that are unsupported, conclusory, or legal conclusions. *Id.* I may consider documents attached to the complaint and documents

that are referenced in and central to its claims. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018).

## II.   Facts

While on vacation in the Dominican Republic, Renatta Lubinski, who had a history of acute leukemia, developed multiple conditions that compromised her respiratory system and kidney function. [13] ¶¶ 9–10.[1] The doctors determined Lubinski should be transported by air ambulance to receive lifesaving treatment in the United States. [13] ¶ 10. Because of her complicated diagnosis and medical history, Lubinski was taken to her local hospital in Illinois, where her own doctors, who cared for her regularly and were familiar with her medical condition, could treat her. [13] ¶¶ 11–12. Aerocare Medical Transport System Inc., a company that provides highly specialized international air ambulance transportation services for patients in critical care, flew Lubinski from the Dominican Republic to Miami, Florida, and then from Miami to Evergreen Park, Illinois. [13] ¶¶ 3, 8, 13.

Aerocare charged $242,500 for the first flight and $284,250 for the second flight and submitted two claims for payment to Lubinski's employee benefit plan, CVS Health Welfare Benefit Plan, which was administered by Health Care Service Corporation, better known as Blue Cross and Blue Shield of Illinois. [13] ¶¶ 7, 13, 15. BCBS initially denied Aerocare's claim. [13] ¶ 14. Aerocare appealed, and BCBS concluded that the first trip from the Dominican Republic to Miami was medically

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are from the CM/ECF header placed at the top of documents.

necessary and covered under the plan, but that the second trip from Miami to Evergreen Park was not. [13] ¶ 14. Aerocare was reimbursed $30,000 out of $242,500 and its second appeal for more money was denied. [13] ¶¶ 14, 16. Under Lubinski's employee benefit plan, air ambulance transportation was covered at a rate of 80% minus a deductible. [13] ¶ 15. Aerocare initiated this lawsuit, seeking to recover payment for both trips, pre-judgment interest, and attorney's fees. [13] ¶ 17. The defendants, CVS Health Welfare Benefit Plan and BCBS of Illinois, filed a motion to dismiss, arguing that the anti-assignment clause in the plan document precluded Aerocare's claim and that Aerocare failed to state a claim for relief. [22]. In response to the first argument, Lubinski replaced Aerocare as the plaintiff. [25]; [27]. This left defendants' second argument for review. [27].

## III.  Analysis

ERISA allows employees to sue to recover benefits owed under the terms of their employee welfare benefit plan. 29 U.S.C. § 1132(a)(1)(B). A plaintiff need not plead the specific terms or provision establishing recoverable benefits as long as the complaint plausibly alleges she was entitled to coverage and payment. *See Griffin v. TeamCare*, 909 F.3d 842, 845 (7th Cir. 2018). In other words, no heightened pleading standard applies at the motion to dismiss stage. *Id.* Here, Lubinski alleges her benefit plan covered air ambulance transportation at a rate of 80% minus a deductible. [13] ¶ 15. But she does not allege what the 80% applied to. The plan document states that benefits for ambulance transportation would be provided at 80% of the "Eligible

Charge" or 80% of the "Maximum Allowance." [22-2] at 50.[2] For out-of-network providers, "Eligible Charge" and "Maximum Allowance" meant the lesser of the provider's billed charges or a rate determined by BCBS based on Medicare. [22-2] at 136, 140. If there were no facilities in the local area, coverage for ambulance transportation was limited to the closest facility that could provide the necessary service. [22-2] at 129.

Lubinski fails to plausibly allege that Aerocare's billed charges of $242,500 for the first trip met the definition of "eligible charge" or "maximum allowance." Without more context, it is not reasonable to infer that Aerocare's bill was less than the rate determined by BCBS based on Medicare. Lubinski argues that the plan covers 80% of "reasonable charges," [29] at 5, but that's not what the plan says. *See* [22-2] at 50. There are no allegations in the complaint that the plan covered 80% of "reasonable charges," or that Aerocare's bill was reasonable. *See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) ("a plaintiff may not amend his complaint in his response brief."). Based on the plan terms, Lubinski's allegations are insufficient. More information is needed about what the 80% applied to under the applicable policy terms to plausibly allege that the $30,000 was an underpayment. It is also not plausibly alleged that the closest hospital that could treat Lubinski was her local hospital in Illinois and that the

---

[2] I can consider the summary plan document submitted by defendants because Lubinski refers to the plan in her complaint and its terms are central to her claim. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce [central] documents if the plaintiff failed to do so.").

4

second flight was covered. The complaint alleges an initial flight to Miami, Florida, a major metropolitan area—one that suggests that locations closer to the Dominican Republic than Evergreen Park, Illinois, could provide necessary services.[3] At the motion to dismiss stage, it is Lubinski's, not defendants', obligation to plausibly allege that the Illinois hospital was the closest treatment option to state a claim for benefits under the plan.

Defendants' motion to dismiss is granted. The complaint's defects may be curable, and Lubinski has leave to file an amended complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (leave to amend should be freely given unless it is certain from the face of the complaint that amendment would be futile or unwarranted).

## IV.    Conclusion

Defendants' motion to dismiss, [22], is granted. The complaint is dismissed without prejudice. Lubinski has leave to amend her complaint by December 14, 2020. If an amended complaint is not filed, this dismissal will convert to a dismissal with prejudice and final judgment will be entered.

ENTER:

Manish S. Shah
United States District Judge

Date:  November 23, 2020

---

[3] Lubinski says in her response brief that Aerocare split the bill into two different trips because a facility near Miami might have been able to treat Lubinksi if it had an available bed. [29] at 2.

5